```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

JAMES ANTHONY BARNES,           :
                                :     Civil Action No. 11-5803 (FLW)
            Plaintiff,           :
                                :
      v.                        :     **MEMORANDUM OPINION**
                                :
DR. LUIS MACK, et al.,          :
                                :
            Defendants.          :

**APPEARANCES**:

    JAMES ANTHONY BARNES, Plaintiff pro se
    #507188
    Mercer County Correction Center
    P.O. Box 8068
    Lambertville, New Jersey 08610

**WOLFSON**, District Judge

    Plaintiff James Anthony Barnes, a state inmate presently confined at the Mercer County Detention Center in Lambertville, New Jersey, seeks to bring this civil action in forma pauperis, pursuant to 28 U.S.C. § 1915.

## BACKGROUND

    Plaintiff brings this Complaint against defendants, Dr. Luis Mack, Mental Health Doctor at the Mercer County Correctional Center ("MCCC"); Morgan Lane; Adoo James Toliver; Francsillio; WHO Inv. Patrick; Invchiames; and the Head Supervisor at the New Jersey State Trooper Barracks in Trenton, New Jersey. (Complaint, Caption and ¶ c on page 2). It appears for the most part that the Complaint alleges unintelligible claims against

these defendants and numerous other individuals and entities. The Complaint is a handwritten jumble of allegations that are mostly incomprehensible.  These bizarre and indecipherable allegations appear to involve numerous unidentified persons and unrelated incidents involving homosexuality, sexual identity surgeries, drug sales, baby murders, and the use of human body parts, feces, urine and spit in food.  Moreover, this Complaint is generally duplicative of several, earlier submitted Complaints that were administratively terminated pursuant to 28 U.S.C. § 1915(g).[1]

Nevertheless, in this Complaint, Plaintiff appears to allege that he has been and continues to be assaulted and sexually assaulted on numerous occasions by the named defendants and other

---

[1] Barnes v. Mercer County Correction Center, et al., Civil No. 11-3554 (FLW); Barnes v. Thomas, Civil No. 11-3555 (FLW); Barnes v. Dunkin Donuts, et al., Civil No. 11-3761 (FLW); Barnes v. Department of Corrections, et al., Civil No. 11-3762 (FLW); Barnes v. 7-Eleven, Civil No. 11-3763 (FLW); Barnes v. Internal Affairs, et al., Civil No. 11-3798 (FLW); Barnes v. Trenton Psychiatric Hospital, Civil No. 11-4028 (AET).  Barnes has continued to submit Complaints for filing, making similar incoherent allegations against different defendants, including this one and the following: Barnes v. Trenton Police Department, et al., Civil No. 11-4402 (FLW); Barnes v. The Philadelphia Mint and Reserve for Washington D.C., Civil No. 11-4519 (FLW); Barnes v. Mercer County Correction Center, et al., Civil No. 11-4520 (FLW); Barnes v. Trenton Municipal Court, et al., Civil No. 11-4624 (JAP); Barnes v. Mercer County Correction Center, et al., Civil No. 11-4641 (FLW); Barnes v. Mercer County Superior Court, Civil No. 11-4777 (FLW); Barnes v. St. Francis Hospital, Civil No. 11-4812 (FLW); Barnes v. Mercer County Health Department, Civil No. 11-4995 (FLW); and Barnes v. Temple University College, Civil No. 11-5445 (FLW).  All of these actions have been administratively terminated.

unnamed guards.  Plaintiff also alleges that he was assaulted by a guard named "Rinz" on September 6, 2011.  Thus, it would appear that Plaintiff may be alleging that these assaults are ongoing.

Plaintiff does not indicate the relief he seeks.

## DISCUSSION

Plaintiff seeks to proceed with this action in forma pauperis, pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); see also Keener v. Pennsylvania Board of Probation & Parole, 128 F.3d 143, 144-45 (3d Cir. 1997) (holding that frivolousness dismissals prior to enactment of PLRA count as "strikes" under § 1915(g)).  A prisoner who has three or more such dismissals may be excused from this rule only if he is "under imminent danger of serious physical injury."  Id.  When deciding whether an inmate meets the "imminent danger" requirement, a court must examine the situation faced by the inmate at the time of the filing of the complaint, and a showing of danger in the past is insufficient to

3

demonstrate "imminent danger."  <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312 (3d Cir. 2001).

An examination of court records reveals plaintiff has filed numerous civil actions in the District of New Jersey.  At least three of these actions have been dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A.  <u>See</u>, <u>e.g.</u>, <u>Barnes v. Mercer County Court House</u>, Civil No. 07-1194 (FLW); <u>Barnes v. Trenton State Prison Medical Department</u>, Civil No. 09-1604 (GEB); <u>Barnes v. Trenton Police Department</u>, Civil No. 09-5934 (JAP).

Accordingly, Plaintiff has reached the statutory limit as set forth in 28 U.S.C. § 1915(g) and is precluded from seeking <u>in forma pauperis</u> status based on the "three strikes" rule unless he alleges facts to show that he is in "imminent danger of serious physical injury", which would excuse him from the restrictions under § 1915(g).

In this Complaint, Plaintiff's allegations of an assault on September 6, 2011, and his allegations of past and continuous assaults may be sufficient at this stage to constitute a claim of "imminent danger."  Consequently, this Court would be required to grant Plaintiff's motion for leave to proceed IFP if it determines that Plaintiff has made a sufficient showing of indigence.  <u>See</u> <u>Gibbs v. Ryan</u>, 160 F.3d 160, 161 n.1 (3d Cir. 1998).  Here, Plaintiff has not provided any information to support a showing of indigence, but based on his allegations of

4

continued assaults against him at Mercer County Detention Center, the Court will grant Plaintiff indigent status conditionally.

Therefore, this Court construes the Complaint as asserting a claim of excessive force in violation of the Eighth and/or Fourteenth Amendments to the United States Constitution, and will allow the claim to proceed at this time. All other allegations set forth in the Complaint will be dismissed for failure to state a claim.

The Court is mindful that Plaintiff's pleading is inarticulate and demonstrates Plaintiff's lack of skill and understanding in proceeding with litigation of this action. Indeed, Plaintiff's mental competence is questionable based on the bizarre allegations he makes in this action and in numerous, prior actions he attempted to file in the past. See this Opinion, supra, fn. 1. It also is apparent from this pleading and Plaintiff's earlier actions that were administratively terminated, that Plaintiff has been confined and/or hospitalized at the Trenton Psychiatric Hospital, which places his mental competency and incapacity to represent himself in this action plainly at issue. Therefore, pursuant to Powell v. Symons, __ F.3d __, 2012 WL 1066740 (3d Cir. Mar. 30, 2012), this Court finds that a competency inquiry is justified under Fed.R.Civ.P. 17(c) to determine whether a representative should be appointed to protect Plaintiff who is unrepresented in this action. To this end, given the incoherent and bizarre pleadings put forth by

Plaintiff, legal counsel will be appointed to represent Plaintiff in the competency inquiry under Rule 17(c).  <u>See</u> <u>also</u> 28 U.S.C. § 1915(e)(1), <u>Tabron v. Grace</u>, 6 F.3d 147 (3d Cir. 1993).[2]

## CONCLUSION

Based on the foregoing, Plaintiff's request to proceed <u>in</u> <u>forma</u> <u>pauperis</u> will be granted conditionally.  He will be required to provide proof of indigency within forty-five (45) days from the date the accompanying Order in this matter is issued.  Plaintiff's allegations of assault and sexual assault in violation of his civil rights under the Eighth and/or Fourteenth Amendments will be allowed to proceed at this time.  All other claims will be dismissed for failure to state a claim.  Further, given the issue that Plaintiff may be incapable or incompetent to litigate this action without a duly appointed representative under Rule 17(c), legal counsel will be appointed to represent Plaintiff in a competency inquiry, pursuant to 28 U.S.C.

---

[2]  The Court notes that Plaintiff has not requested appointment of counsel in this matter under 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules.  Even if it is eventually determined that Plaintiff does not require a duly appointed representative under Rule 17(c), he may still apply and be eligible for appointment of counsel under § 1915(e)(1), § 4(a) of Appendix H of the Local Civil Rules, and <u>Tabron v. Grace</u>, 6 F.3d 147 (3d Cir. 1993).

§ 1915(e)(1) and Fed.R.Civ.P. 17(c).  An appropriate Order accompanies this Opinion.

    /s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge

Dated:    April 17, 2012